Chicago Marriott at Medical District slash UIC Petitioner, National Labor Relations Board Mr. Dylan Quill for the petitioner, Ms. Isbell for the respondent, Mr. Treadwell for the intervener. Good morning. Good morning, and may it please the court counsel your honors. I'm Mark Dylan Quill arguing on behalf of the petitioner Davidson Hotel Company. The fundamental error in the NLRB's decision in this case is its lack of consistency with prior decisions on the appropriate composition of a bargaining unit at a full service hotel. First, the decision is irreconcilable with NLRB precedent in Ramada Beverly Hills. Second, the decision is inconsistent with the board's reasoning in denying a previous petition of the union to certify a bargaining unit including both housekeeping and food and beverage employees at this hotel. And the inevitable result of these inconsistent decisions is a fractured bargaining unit that does not include front desk employees and that while putatively including separate units of housekeeping and food and beverage is being treated functionally as a single unit. First, I'd like to address the NLRB's precedent in Ramada Beverly Hills. Our position is that this case is on all fours with Ramada Beverly Hills. First, concerning the critical topic of functional integration, both the hotel in this case and Ramada Beverly Hills employed a single general manager with final hiring and firing authority, as well as final authority over policy at the hotel. Second. In the board reference opinions, Logian and Western Logic, correct? It did, your honor. All right. And when you look at those opinions, the board reviews its full service small hotel cases, specifically Ramada Beverly Hills, Ramada Atlantic, Ramada in West. And it talks about what it looks for to come within that kind of precedent. And it says specifically what it's looking for. And the findings here were that those elements did not exist here in the Davidson Hotel. And those findings, your honor, are unsupported by substantial evidence. And I'd like to address briefly Western. That's a different argument. Argument was that the board's decision was irreconcilable. With its precedent. I'm saying at least the board cited cases where it distinguished its precedent, including Ramada. Your honor, the standard of review for a decision like this is articulated in Blue Man Vegas and other cases is whether the board's decision is arbitrary or unsupported by substantial evidence with regard to the board's distinctions of Ramada Beverly Hills. The distinctions are unsupported by substantial evidence, which makes its decision arbitrary, i.e. irreconcilable with the Ramada Beverly Hills cases. And with respect to the Western lodging and lodging cases, there are serious distinctions that make this case far more like Ramada Beverly Hills, even on the record the board found. In Western lodging, there was no centralized management and hiring by division supervisors, which cuts far against the type of functional integration that you see at this hotel. And in lodging, the board's decision was influenced by a factor of which there's no evidence in the record in this case, which is regional industry practice about the appropriate compositions of bargaining units. That was a key factor in several of the decisions cited by the NLRB and the union, including lodging as well as Omni. All I'm getting at is that there are distinctions, but the findings as to the Davidson Hotel discuss the nature of the management control, the nature of the transfers between employees, and the board's view found that that type of management structure and transfer, for example, did not exist at the Davidson Hotel. And you argue, as I understand it, that those findings are unsupported evidence in the record. I think the core of my argument is that those findings are irreconcilable with Ramada Beverly Hills because they are not, in fact, inconsistent with what happened in Ramada Beverly Hills. And if they were viewed to be inconsistent, and I don't necessarily view them to be inconsistent, that they would then be unsupported by substantial evidence. So I'd like to address the specific factual findings of this case and Ramada Beverly Hills to show the similarities in the key topics that go to determining whether it's appropriate to exclude a unit of employees, like the front desk employees. First is functional integration. Both hotels employed a single general manager with final hiring and firing and policy authority, as well as a rotating manager on duty authority system that made the heads of different groups of employees at the hotel in charge of the hotel when the general manager was not there. Second were common terms and conditions. In both cases, there are common terms and conditions that govern all employees. Third is functional integration to perform services for the guests. And here is where I think some of the substantial evidence issue comes in. If you look at Ramada Beverly Hills and other decisions like Atlanta Hilton and Western Hotel, the core of functional integration isn't whether there is some type of job overlap between employees. It's whether all of the employees are being directed by a central management to serve the ultimate goal of the employer at the facility, in this case, to provide a seamless experience for the hotel's guests. But isn't that true of all hotel employees? When I go to a hotel, I may see the doorman and I ask him, where's the restaurant? And I ask him, who's the best? You know, whatever. So I don't understand this seamless experience when the board has acknowledged that approach, but broken down some of these things. And at least it found that your general manager did not have the type of control in these units that it held were appropriate. That was true in some of these other hotels. And you're saying that is a finding that is unsupported by substantial evidence? It is unsupported by substantial evidence as much as it is viewed as different than Ramada hotels. And I heard two points in your question, Judge Rogers. The first is whether all hotels aim to provide a seamless experience for their guests through central management. And I don't think that's necessarily the case. What I was trying to get at is that all of these hotels, especially small hotels, are trying to make the guests happy. All right. I agree with that. That doesn't mean that there can't be appropriate units. I agree, Your Honor, that trying to make the guests happy does not mean that it would be appropriate to have any particular bargaining unit. But where there is substantial interaction between the employees, in this case, the board found regular daily interaction between the front desk as well as the housekeeping and food and beverage employees. And there's a centralized management. And the management is virtually identical in Ramada Beverly Hills in this hotel with the general manager and the manager on duty system. That that's the type of functional integration the board has looked at to find that it is not appropriate to have separate bargaining units of the housekeeping and the food and beverage industries. I mean, are you focusing more on the lack of substantial evidence here or on the board's failure to adequately distinguish its other precedents, you know, along the lines of Lemoyne Owens and other cases like that? Are you making are those two distinct arguments? I'm not clear from what you're saying if you're viewing them as part of the same argument or if there are two distinct arguments. I think, Your Honor, our argument is primarily, and I apologize if this was not clear earlier, that the decision here is not reconcilable with Ramada Beverly Hills, so the former. And in response to certain specific factual points, we believe that they are unsupported by substantial evidence. But even if you take the board's findings as a whole, we believe they are still the specific factual findings that it made as opposed to the ultimate conclusions applying the law to those facts are irreconcilable with Ramada Beverly Hills. And you raised those claims before the regional director as well as the board? We raised those claims before the regional director and the board and the board split 2-1 on those claims with member Emanuel dissenting. He would have found, as we argued, that the only appropriate bargaining unit at this hotel includes both food and beverage and front desk. So I understand. I thought your argument was, number one, in the first go-round, the reason that the regional director rejected the two units or the single unit was because it didn't incorporate the front desk employees. Is that correct? That's correct. And we do believe that the decision, the second decision to certify the separate housekeeping and food and beverage units was inconsistent with the reasoning of the NLRB's first decision. If you had to put the front desk people into the single unit, why isn't that also the death knell for the two units? We believe it is. And we believe, if you look, and this is on page 231 of the joint appendix, and this is the second inconsistency, your honor. If you look at page 231 of the joint appendix, the regional director listed five reasons why it was inappropriate to exclude front desk employees. First, they had substantially the same terms and conditions. That applies whether you have separate units for housekeeping and food and beverage. Second, there was regular contact between employees to serve guests. That also applies whether or not you have separate housekeeping and food and beverage units. Third, the employees were scheduled based on hotel occupancy. That applies equally whether you have separate front food and beverage and housekeeping units. Fourth, the employees had the same orientation. That applies equally whether you have separate food and beverage and housekeeping units. And fifth, that there was some interchange between front desk and housekeeping as well as front desk and food and beverage. That applies equally whether you have separate food and beverage and housekeeping units. Okay, I had a third question to follow up. If, in fact, the front desk employees, and by law, should have been included in the single unit, and also, in the original opinion, the regional director said that it was appropriate to separate out the food and beverage and the room service, or the room people, correct? Then what unit would you put the, if you have two units, which is what was suggested, you can have two units, which was what was suggested in the original opinion, what unit, if you tried to put in, the union tried to put two units together or separate the units, what unit would you put the front desk people in? They would go with housekeeping, Your Honor. That's an alternative argument we've made. And the reason... Let me just understand. Why doesn't that mean that the beverage unit is okay? That is our alternative argument, is that if the court doesn't find that the only appropriate unit at this hotel includes food and beverage, housekeeping, and front desk, that alternatively, it should find that housekeeping needs to include food and beverage, excuse me, housekeeping needs to include front desk. They're part of the same rooms division at the hotel, and there's substantial interchange between those units. But in particular, there are substantial similarities there. I would say as to the consistency of the decisions, we recognize that in an under reason dicta footnote on the final page of the regional director's first decision, he suggests that a separate unit approach may be appropriate. But we believe when you consider the consistency of decisions, particularly in a single case, you need to go to the reasoning of those decisions, not to a footnote on the last page. But my question remains, accepting everything you've just said in your alternative argument, does that mean that the food and beverage unit is okay? Yes. Okay. I see that I'm out of time. If there are further questions, I'd be happy to answer them. Thank you. We'll hear counsel for the board. Thank you, Your Honor. May it please the court, Kelly Isbell here on behalf of the National Labor Relations Board. In making a unit determination, the board's task is to ensure that the petition for units are an appropriate unit for bargaining. The board does not have to choose the most appropriate unit or the only appropriate unit. And this court does not overturn board unit determinations unless Davidson has proved that those units are truly inappropriate, which it has not done on this record. So if we look at each unit individually, the housekeeping unit and the food and beverage unit, each of those units, the board determined, share an internal community of interest. They are separately supervised. They have different skills, different functions, different training. Then the board compared those two units to the front desk employees to see whether or not the differences between the housekeeping, the food and beverage, and the front desk, whether or not their differences outweighed their similarities and determined on the basis of this record that they do. All three, I'll just call them units for sake of ease and speaking, all three groups of employees or units have separate supervision. There is a general manager who is over the hotel, but each one of those groups of employees has a separate manager who is over their work lives, who decides whether or not to discipline them, who has initial hiring authority. Each of those groups of employees has different functions, different jobs within the hotel. They work somewhat different hours. They have different training. So the food and beverage people have alcohol and food handling, licensing requirements, front desk employees get customer service training that the housekeeping employees don't get. The regional director found that yes, this hotel has some functional integration, but when we're talking about functional integration, we're not talking about just whether or not there's a general manager over the hotel. We're talking about whether or not the employees, how closely they work together to accomplish a single task. So housekeepers go clean the rooms. Of course, they work in conjunction with the front desk because if the front desk doesn't check people into the hotel, there is no room to clean. They put the, I'm sorry, JoJo, were you about to speak? I mean, I guess, you know, on a lot of these, you know, factual determinations about how the hotel works together, of course, the board, you know, we defer to a lot of the board's factual findings in this area. I'm concerned about the fact that they raised a number of cases, you know, the cases that were just discussed by Petitioner that the board did not address, right? And it seems that the board has some obligation under Lemoyne-Owens and other cases to distinguish other cases. I mean, if they're going to be deciding and adjudicating cases on a case-by-case basis and Petitioner raises cases that are arguably very similar facts, doesn't the board have an obligation to distinguish those other cases? And wouldn't that at a minimum require then at least a remand to the board to distinguish those earlier precedents? I don't recall that they explicitly raised the issue that the regional director did not distinguish certain cases. I mean, I would have to go back through the decision and direction of election to make sure he didn't mention Atlanta-Hilton. Well, I think the briefing is pretty clear that they raised these cases and distinguished them, you know, in a number of ways. But I mean a different issue. If the argument is actually that the board failed, or the regional director here, failed in his responsibility to adequately distinguish cases, that has to be raised. I don't think they didn't raise that issue. That particular legal issue? No, Your Honor. Are you talking raising before the board or raising in this court? Raising before the board. If they believe the regional director made either an incorrect factual finding or an incorrect legal finding, they have to raise that before the board. And they filed exceptions to the regional director's decision and direction of election. But the regional director went through many cases and showed why this is not the kind of case where functional integration required him to put all these employees together. Functional integration in a case like Atlanta-Hilton, the general manager there had control over minor details such that he was controlling how elevator doors were cleaned. In Ramada-Beverly Hills, there was substantial interchange between employees. Housekeeping employees and bell staff who were attached to the front desk were both delivering food throughout the hotel. Bell staff and front desk assisted with housekeeping. So those kinds of findings are just not here. The front desk, I think the testimony is that maybe three times a year when the hotel is severely overcrowded, they might have to strip beds. But cleaning hotel rooms is not part of their job. The housekeeping group does not fill in for the front desk. They do not do anything at the front desk. Food and beverage employees don't assist the housekeepers. What we have is a little bit of contact, which the regional director acknowledged, and some functional integration because it is a hotel and everyone is trying to ensure that there is a good guest experience. But doing a particular task, like preparing a meal or serving a drink or cleaning a hotel room, you do not need the front desk to come and help you do that. You need them to check in people. You need them to do their own work. And that's the difference between the kind of functional integration in a case like Atlanta-Hilton or Ramada-Beverly Hills. So here, the board did two types of analysis, right? You first have to determine that the employees in the petition for units share a community of interest. Clearly, they do. Housekeeping and food and beverage units are traditional industry units. Then it looked at whether or not they are different from the front desk. Just sharing similar terms and conditions of employment is not enough to require the board to put everyone together and it does not show that the units are truly inappropriate. They use the same parking lot. They use the same cafeteria. They clock in at the same time clock. But they do not have the same supervision. They do not have the same hours necessarily. They don't do the same jobs. So I'm not sure if your honors have additional questions for me on this issue. Should we talk a little bit about the first case? I think there was some concern about the initial regional director's decision here and why the two cases are different and why they came out differently. In the very first case, the union petitioned for a combined unit of housekeeping and food and beverage leaving out the front desk. The regional director did the same analysis he did here. Do those two groups of employees share a community of interest? Yes. Same terms and conditions of employment, same parking lot, same time clock, the same general manager. But when you compare them to the front desk, that's when the differences appear. Because the front desk also uses the same time clock, same cafeteria, same parking lot, have almost the same terms and conditions of employment. So I was just looking through the materials here. And it does seem that they raised this question about the regional director's departure from board precedence before the board. In its request for review, they say in one of their headers and then have further discussion, substantial question exists concerning the legality of the unit based on the R&D's departure from the board's precedent. So it does seem that they raised it before the board. My apologies. Sometimes those requests for review can be a little long and I don't remember everything. I think the regional director here adequately distinguished the precedent. Remember hotel cases, almost every unit determination case, they're decided on the facts and are decided on a case-by-case basis. And the regional director was very clear about why he made the functional integration decision he made in this case. He relied on cases that are very similar to this case and the fact that he didn't distinguish very specific cases, I don't think that that does not show that he didn't do his due diligence in reviewing the law in this area and applying that law to these facts, which show that there is not enough functional integration to require the board to find that individual units of housekeepers and food and beverage are truly inappropriate. Remember, it just has to be an appropriate unit for bargaining. What was the regional director's rationale for not including the front desk employees in either the beverage or the housekeeping units? First of all, you start with the petition for unit, right? So that's your starting place. And the front desk employees have no more community of interest with either group. They have similar terms and conditions of employment, but there's nothing that would require them to be in either group. They are separately supervised from the housekeeping employees. They're in the same room division, but the room division has no manager. They are each supervised by a separate, either the front desk supervisor or the housekeeping supervisor. And those two people report to the general manager. So they're at the same level of, and other than that, in the terms and conditions of employment, time clock, parking lot, some interchange and some interaction during the day. You realize that what you've just said is totally inconsistent with the original decision saying you had to include the front desk employees. The original decision said that you couldn't have a unit that was a combined housekeeping and food and beverage without the front desk. Because what they share, what all three groups share, are the same. Does that make sense? I'm thinking of the Blue Man Davis terms and conditions of employment. Okay, so you've got three groups of employees. They all share some things in common. Some terms and conditions of employment, they all report to the general manager. They all work at the same hotel. Each group shares those same things. But each group also has its own internal community of interest, which makes all three groups different from each other. So if you take two of those groups and put them together, what they share, they also share with the third group. So if you put front desk and food and beverage together, they do share some terms and conditions of employment and some community of interest factors. But what they share, they also share with the housekeepers. The differences between the three groups outweigh the similarities. That's the basis of the board's findings. Like this rock is heavier than that string is long? If you want to put it that way, right. I mean, sharing some of the same terms and conditions of employment. Because remember, the front desk now has higher wages and lower medical costs. Okay, I got your argument. Okay, thank you. So to respond to what I think I understand is Petitioner's argument. It said to the regional director. We're just like Ramada Beverly Hills. And the board never said, no, you're not. What it did was to cite its decisions that discussed Ramada Beverly Hills, Ramada Atlanta, and a number of other hotels. Identifying the factors the board interpreted those precedents to focus on. What I think I hear an argument and I'll ask counsel for Petitioner. Is that and I heard my colleague discuss a Supreme Court case. It wasn't cited either, but to the board, but the question is. From the point of view of this court's review of the board's decision. Is it legal error. In the sense of being arbitrary and capricious. If the board sites to authority distinguishing its precedent, but doesn't specifically say and your reliance, saying that you're exactly the same as Ramada Beverly Hills. Is arbitrary and capricious. In other words, there has to be a separate paragraph, as it were. Saying petitioners relying on Beverly Hills. And we don't think that is a proper case on which to rely, even though in the cases we did site we pointed out why Beverly Hills is different. I just want to be sure what we're saying the board has to do. In response to the type of argument that was raised before the board by petitioner as to Beverly Hills. Right. I, I don't know of any case that were required the board to Specifically address every single case raised the board is required to make to do reason reason decision making and on this record. I don't think that can be And as you point out, Judge Rogers went through cases that have themselves distinguished Atlanta Hilton and Ramada Beverly Hills and cases like this. Understand what the rule would be where we just say that It would be inappropriate for an agency. To cite its precedent, including that precedent on which petitioner relies. Where petitioner is saying, essentially, we're just like Beverly Hills. I'm just trying to understand what the administrative principle would be here. In that regard, because that's sort of what I hear. Petitioners Council arguing today and in its brief, you didn't talk about Beverly Hills. Therefore, your decision is arbitrary and capricious That may in fact be a better question for Petitioners Council, but based on the questions from my colleagues and for me to be sure we understood the argument that petitioners council is making. I wanted you to have an opportunity to say why that principle either is required or isn't required. I don't believe it is required, Your Honor. I mean, the, the board is required to engage in reason decision making. I don't know of any case that requires the board. And in a case where it is reviewing totality of circumstances test to determine unit determinations that it has to address very specific cases. Of course, if this were a case where someone raised PCC structurals and the board somehow didn't address the underlying unit determination test. In this case, that's a different issue, but we're talking about very specific factual Cases that the board. I don't, I don't know of any administrative law. Principle that would require the board to literally distinguish every single case that Every single case. That's what I'm trying to distinguish on Petitioner says you're wrong. You're wrong for all kinds of reasons and says Your decision is inconsistent with Beverly Hills. And the board's responses. Look at what we've said about Beverly Hills and all these other cases. In this opinion. And they cite that That is enough, Your Honor. So Council, excuse me, did my colleagues have any further questions. Council. Thank you. All right, an intervener comes next, I believe. Yes, thank you. So first I'd like to situate the two cases that the employer relies primarily upon Ramada Beverly Hills and Atlanta Hilton within the historical context of NLRB decision making in this area. For 50 years since at least 1970 The NLRB has found regularly consistently that front desk employees are different. They're different because they don't do the manual labor that housekeepers and And food and beverage employees engage in. And if you look at the cases, the party sites and the cases cited within those cases by a margin of about two to one. Front desk employees are excluded. So this is not a situation where the NLRB has gone back and forth on major rules like like we've seen with the graduate students, for example. Being covered by the NLRA. This is that this is a case where there has been remarkable consistency for half a century. So the original decision by the regional director was wrong. That, that, that may be True. That's not, that's not what's An issue here. Well, it's an issue because to the extent that That the the same regional director, Mr. Orr should have distinguished or or confessed to error in the second go round. So, Your Honor, the The first decision arose out of a petition that the union filed that the union preferred a combined unit of housekeepers and food and beverage employees. But the regional director found that the commonalities between those two groups of employees were also shared with front desk employees. And so what makes sense to have those two To the exclusion of the third, they would have the that that didn't make sense to the regional director and That's consistent with the second decision because once you separate those groups out their internal communities of interest do differ enough From each other group that they can be bargained separately. And that's what's important here is, are we going to have a stable bargaining relationship. Is the union securing the the collective goods for each group of employees that makes sense. I mean, housekeepers have different interests from food and beverage employees and who have different interests from front desk employees. And so that's what's important to Keep in mind here. So not only is there consistency across 50 years of case law, there's consistency between the two decisions of the regional director. Housekeeping employees. They work alone in rooms, they, they have different tools. They deal with with cleaner. And so these are common areas that a union would bargain over That it wouldn't bargain over You know, with with front desk employees and so the The internal interests of each group are distinct and And in fact, if the employer insisted that they be bargained separately. The union would have to do that. It has a duty to bargain. For each unit. That's what a bargaining unit is. So if the employer doesn't want them to be treated as one unit. It doesn't have to, it would be An unfair labor practice for the for the union to insist on that. I also wanted to clarify the employer brought up an unfair labor practice charge that the that the union filed. And saying that that that the employer could not go through with benefits changes. If you look at those cases banner care and mercy hospital that is absolutely not true. If those were scheduled the employer could go through with them. And in fact, that charge was dismissed because the The region found that those wage increases and benefits changes had not been scheduled. So we're left with discretionary wage increases. That the employer gave to only front desk employees. It's treated them differently shows they have a different community of interest. I see that that my time is up. If you have more questions, I'd be happy to address them. All right. I don't see any questions. Council for petitioner Would you like to offer rebuttal. First, I'd like to unmute and now I'd like to offer rebuttal. And I want to start with the question that you asked my colleague, Miss Isbell And that is when does the board have to address a precedent and you know Mrs Bell said, I think what is essentially the right test. That has to be reason decision making by the board, but she also noted that you can't ignore the elephant in the room. She said you can't ignore PCC structural on community of interest, for example. Because it's just too important. And I agree with that as well. And in this case, Ramada Beverly Hills. Is that important due to the close similarities between the facts of the Davidson Hotel in Chicago and Ramada Beverly Hills. I don't think that there is a we're dealing a lot with standards in this case, as opposed to rules. And I don't think that there is a crystal clear rule about when a specific case has to be addressed. But when it's as close as Ramada Beverly Hills is to this case for the board's decision to be reasoned, it does have to address it. The regional director So what I'm trying to focus on. And I think you misunderstood my question to counsel for respondents. My point is that if, in this case, the employer says we are just like Ramada Beverly Hills. And the board's response is to cite a case in which it discusses Ramada Beverly Hills and a number of other cases in this same area hotel cases small hotel cases. Are you saying that there can be no reason decision making when the board does that because there must be a separate statement specifically saying, and this case is not Ramada Beverly Hills. In this case, because it's so close. I think that there does need to be a separate statement. I don't think that's a general rule for every case. But if you look at the regional directors decisions on Jay 304 continuing on through Jay 343 it's never mentioned we raised an exceptions to the board. It's never mentioned Cited cases that discussed. That's what I'm trying to get you to focus on. It's like the Supreme Court decides the case on day one and then it decides another case on day two. And then another case comes up on day three. And so the court sites to its day to decision which discusses the one decision. Why isn't that adequate for reasoned decision making and your responses. No, there has to be a separate paragraph on the day one case. And I'm trying to understand what the rationale is behind that. Rationale is due to how similar the facts of the case date the day one case in your hypothetical and the instant cadences. That's the distinguishing factor. I see that I'm out of time. I had a few other brief points. If the court is interested in hearing them. But if not, then I would rest. First, I'd like to address the point about The internal communities of interest within food and beverage and housekeeping. Many of those were not in fact unit wide interests. Ms. Isbell mentioned the alcohol training. That's something that some parts of the food and beverage units got like the servers and the bartenders, but not other parts of the unit like the cooks and the stewards. So those aren't the type of communities of interest that could outweigh the strong interest the front desk employees with the same terms and conditions of employment share with other members in the unit. And finally, And finally, Back to Ramada Beverly Hills. There was some question about the degree of interchange. And again, the facts are very similar. In that case, there was evidence of the bell staff assisting the housekeepers that happens with regard to the bell staff at this hotel, which there's undisputed also share responsibility for cleaning the parts of the hotel where they work. There's mentioned assistance between the food and beverage. And in this case, there was substantial assistance with front desk and food and beverage for banquet events. So there was one employee who worked, I believe, 150 hours. A front desk employee worked 150 hours in the food and beverage banquets business over a two year period relevant to the organizing. You know, these sort of picayune distinctions in the facts. Every hotel is a little bit different, like every fingerprints, a little bit different, but those type of picayune factual distinctions are not a reason basis for distinguishing the cases. Thank you. Thank you. We'll take the case under advisement.
judges: Rogers, Rao, Randolph